UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACQUELINE SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02625-SEB-TAB |
| | ) | |
| AMERICAN ONCOLOGY PARTNERS, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Jacqueline Sanford initiated this lawsuit on October 13, 2021 and filed her Amended Complaint on December 18, 2021, charging her former employer with unlawful termination and retaliation pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as well as unlawful interference and retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*. Now before the court is Defendant American Oncology Partners, Inc.'s ("AOP") Motion to Partially Dismiss Plaintiff's Amended Complaint, filed on December 28, 2021, pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. 21]. For the reasons stated herein, this motion is granted with leave to amend.

**Factual Background**

Ms. Sanford's complaint alleges the following facts, which we accept as true for purposes of ruling on the Motion to Dismiss.

Ms. Sanford began her employment with AOP on July 19, 2019 as a financial counselor and remained an employee until her termination sixteen months later on November 19, 2020. She represents that she "performed her job well" and identifies herself as the only African American within her department. Compl. ¶¶ 6–7. During her employment, Ms. Sanford alleges that on a

1

number of occasions she "felt she was being treated differently by her coworkers and manager due to her race." *Id.* ¶ 8. For example, at the beginning of her employment she recalls one of her coworkers told her boss that Ms. Sanford was "quitting and looking for another job," when she was not. *Id.* ¶ 9. Likewise, Ms. Sanford notes a substantial difference in the amount of work given to her over her coworkers, great enough that her coworkers were "shocked" at the amount her manager had assigned to her in comparison to her two Caucasian coworkers. *Id.* ¶ 10.

Throughout her employment, Ms. Sanford lodged complaints to her supervisors that "she was being treated differently [than] her other co-workers." *Id.* ¶¶ 11, 13. Ms. Sanford alleges that she first expressed this grievance to her supervisor via a text message,[1] to which she received no response. *Id.* ¶ 12. Some time later, in September 2020, she conveyed through email the same grievance to her supervisor's direct supervisor, who claimed that he "would schedule a time for them to speak further" only to fail to respond even after Ms. Sanford sent a follow up inquiry. *Id.* ¶¶ 13–14.

In early October 2020, having once again discussed her grievances with a supervisor, Ms. Sanford was notified that she was being issued a "final warning" by AOP for using billing procedures that were "causing the company to lose money." *Id.* ¶¶ 15–16. Ms. Sanford maintains that she had been trained by AOP to use the challenged billing procedures, which were also used by "[s]imilarly situated Caucasian employees," none of whom was ultimately terminated. *Id.* ¶¶ 16, 25.

Ms. Sanford alleges that, in early November 2020,[2] her doctor placed her on a two-week leave for "COVID symptoms." *Id.* ¶ 17. Though she submitted documentation of her doctor's

---

[1] No date was provided for her first grievance message sent to her supervisor.
[2] The Amended Complaint lists "November 16, 2021" as both the date Ms. Sanford's doctor instructed her to take leave and the date that she returned to work from that leave. This

2

instructions to AOP's Human Resources, she represents that she was denied "COVID leave" and told that she "must apply for FMLA to keep her job." *Id.* ¶ 18. Ms. Sanford then requested FMLA leave but ultimately was denied. *Id.* ¶ 20. She believes, however, that she "was entitled to FMLA." *Id.* ¶ 19.

On November 16, Ms. Sanford returned to work and was required to appeal to Human Resources to obtain COVID pay. *Id.* ¶¶ 21–22. She alleges, however, that other employees "easily received COVID pay." *Id.* ¶ 23.

Three days later, on November 19, Ms. Sanford's employment was terminated "for making billing errors that caused the company to lose money." *Id.* ¶ 24. Because her Caucasian coworkers were using the same billing procedures and were not terminated, she asserts that she was terminated due to her race. *Id.* ¶ 27. Further, she contends that AOP interfered with her rights under the FMLA, *Id.* ¶ 29, and that she was terminated for requesting FMLA leave. *Id.* ¶ 29.

Ms. Sanford filed a charge with the Equal Employment Opportunity Commission and received a notice to sue on July 16, 2021. *Id.* ¶ 2.

---

obviously cannot be correct, given that she also alleges that her medical leave lasted for two weeks and that she was terminated on November 19, 2020, after she returned from leave. Based on these apparent errors, in deciding this motion we have accepted as true that Ms. Sanford took a two-week medical leave beginning in early November 2020, returned from that leave on November 16, 2020, and was terminated three days later, on November 19, 2020. Should Ms. Sanford choose to amend her pleading to address the legal deficiencies identified herein, we encourage her to correct this timeline to permit the Court to reach a clear understanding of the chronology.

## Legal Analysis

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At minimum, a plaintiff is required to support its complaint with "some specific facts." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal*, 556 U.S. at 678. How much specificity is required may vary from case to case, but "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

In addressing a Rule 12(b)(6) motion to dismiss, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).[3]

---

[3] We note that Ms. Sanford's response relies primarily on arguments regarding the requirements of Rule 8 notice pleading. However, her brief cites cases discussing the pleading standard which all predate the controlling Supreme Court precedent laid out in *Twombly* and *Iqbal*. The cases she cites, therefore, do not reflect the proper legal standard on a Rule 12(b)(6) motion to dismiss, which requires a plaintiff to state a plausible claim through sufficient facts. To the extent Ms.

## II. Discussion

Of the six causes of action alleged by Ms. Sanford, AOP seeks to dismiss the following: unlawful retaliation in violation of Title VII of the Civil Rights Act ("Count III"); unlawful retaliation in violation of 42 U.S.C. § 1981 ("Count IV"); unlawful interference with Ms. Sanford's rights in violation of the Family and Medical Leave Act (FMLA) ("Count V"); and unlawful retaliation against Ms. Sanford for engaging in a protected activity in violation of FMLA ("Count VI").[4] AOP's dismissal motion is based on an alleged failure of each count to state a claim.

### A. American Oncology Partner's Motion to Dismiss Ms. Sanford's Title VII and Section 1981 Retaliation Claims is Granted

Ms. Sanford claims that AOP unlawfully retaliated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Because Title VII and § 1981 claims are analyzed using the same substantive standards, *see Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403–4 (7th Cir. 2007), *aff'd*, 553 U.S. 442 (2008), the following discussion applies to Ms. Sanford's retaliation claims under both statutes.

Title VII's prohibition against retaliation "makes it unlawful 'for an employer to discriminate against any of [its] employees or applicants for employment . . . because [she] has opposed any practice made an unlawful employment practice by [Title VII]." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662 (7th Cir. 2006) (quoting 42 U.S.C. § 2000e-3(a)). To sufficiently state a retaliation claim and survive a motion to dismiss, the complaint must allege

---

Sanford's arguments in opposition rely on an improper pleading standard, those arguments are disregarded here.

[4] AOP has not moved to dismiss Ms. Sanford's claims alleging unlawful termination in violation of § 1981 and Title VII (Counts I and II). Accordingly, these claims survive and will not be further addressed herein.

5

"(1) that [the plaintiff] engaged in statutorily protected activity; (2) that [her] employer took a materially adverse action against [her]; and (3) that the protected activity and the adverse action are causally connected." *Robinson v. Perales*, 894 F.3d 818, 830 (7th Cir. 2018); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013) (explaining that the plaintiff must allege those elements, "though she need not use those terms, of course").

AOP seeks dismissal of Ms. Sanford's Title VII and § 1981 retaliation claims on grounds that she failed to adequately allege that she engaged in statutorily protected activity.[5] To satisfy this element, the plaintiff must specifically identify the protected activity by "provid[ing] some specific description of that conduct beyond the mere fact that it is protected." *EEOC v. Concentra Health Servs, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007). An employee engages in protected activity when, for example, she files a claim with the EEOC or when she complains to her employer of discrimination, so long as the complaint puts her employer on notice that she is complaining about discrimination that is unlawful under the statute. *Tomanovich*, 457 F.3d at 663. This means, to qualify as a protected activity, "the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class. Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is

---

[5] AOP also argues that the retaliation claims in Counts III and IV of the Amended Complaint must be dismissed because Ms. Sanford failed to provide sufficient factual detail to support a *prima facie* retaliation claim pursuant to the *McDonnell Douglas* standard. In advancing this argument, however, AOP has ignored the directive of the Supreme Court that the *McDonnell Douglas* standard, an *evidentiary* standard to be applied at summary judgment or trial, is inappropriate to apply at the pleading stage. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (holding that an employment discrimination plaintiff need not plead a prima facie case because to do so would impose too narrow restrictions on notice pleading); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (explaining that the district court "had applied too demanding a standard" when dismissing a Title VII discrimination and retaliation case based on plaintiff's failure to provide "evidence" when pleading).

insufficient." *Id.* (citations omitted). A sufficient complaint must effectively place the defendant on notice of the allegations by specifying a particular protected activity so that the defendant "can anticipate the sort of evidence that may be brought to bear and can investigate the claim." *Concentra*, 496 F.3d at 782. A plaintiff's failure to indicate the protected activity, instead alleging a retaliation claim for some general conduct, "does not narrow the realm of possibility nearly as much" for the defendant and is grounds for dismissal. *Id.*

Here, the only viable allegations regarding her engagement in a protected activity as contained in the Amended Complaint are those alleging that Ms. Sanford complained to her supervisors on multiple occasions that she "felt she was being treated differently than her other co-workers." The Amended Complaint contains no allegation that Ms. Sanford specifically complained that she believed the differential treatment she was receiving was due to her race or her membership in any other protected class. Although an explicit reference to a connection between the claimed discrimination and a protected characteristic is not required at the pleading stage if there are sufficient facts alleged elsewhere in the complaint to create the inference of such a connection, Ms. Sanford's Amended Complaint is so barebones (not to mention riddled with typographical errors and factual gaps) that we are unable to draw such an inference. Having failed to adequately allege that she engaged in statutorily protected activity, Ms. Sanford's Title VII and § 1981 retaliation claims do not rise to the level of plausibility sufficient to avoid dismissal.

Accordingly, AOP's motion to dismiss is GRANTED as to Ms. Sanford's Title VII and § 1981 retaliation claims.

### B. American Oncology Partner's Motion to Dismiss Ms. Sanford's FMLA Interference and Retaliation Claims is Granted

Ms. Sanford also alleges that AOP interfered with her rights under the FMLA and then retaliated against her for exercising or attempting to exercise those rights. The FMLA entitles an eligible employee who suffers from a serious health condition that renders her unable to perform the functions of her employment up to twelve workweeks of leave during each twelve-month period. 29 U.S.C. § 2612(a)(1)(D). A plaintiff may plead two types of claims for alleged violations under the FMLA: interference, in which an employer burdens or denies substantive statutory rights of the employee provided for under the FMLA; and retaliation, in which an employer discharges or discriminates against an employee for exercising her FMLA rights. 29 U.S.C. § 2615. AOP has moved to dismiss both of Ms. Sanford's FMLA claims on grounds that they are not adequately pled. We address each argument below.

To ultimately prevail on a FMLA-interference claim, a plaintiff must prove the following elements: (1) she is an eligible employee; (2) the defendant is an employer subject to FMLA requirements; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice to the defendant of her intention to take FMLA leave; and (5) the defendant denied her benefits to which she was entitled. *Burnett v. LFW, Inc.*, 472 F.3d 471, 477 (7th Cir. 2006).[6] FMLA retaliation claims are evaluated in the same manner as retaliation claims under other employment statutes, requiring plaintiff to allege (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) a causal connection between

---

[6] In considering whether Ms. Sanford has satisfied the notice pleading standard in alleging her FMLA interference claim, we are mindful that *Burnett* enumerated these essential elements in the context of addressing a motion for summary judgment, not a motion to dismiss.

the protected activity and the adverse action. *Pagel v. TIN, Inc.*, 695 F.3d 622, 631 (7th Cir. 2012).

Although the essential elements of retaliation differ from interference, to succeed on either type of claim, the plaintiff must demonstrate that she is an eligible employee under the FMLA in the first instance. *See Daugherty v. Wabash Center, Inc.*, 577 F.3d 747, 750 (7th Cir. 2009) ("To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection . . . ."); *see also Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) ("An employer cannot retaliate if there is nothing for it to retaliate against."). AOP contends that Ms. Sanford's interference and retaliation claims must be dismissed because, among other deficiencies, she has failed to adequately plead that she was an eligible employee under the FMLA.

To qualify as an "eligible employee" under the FMLA, a plaintiff must have been employed by the defendant for at least twelve months, during which she must have completed a minimum of 1,250 hours of service. 29 U.S.C. 2611(2)(A). The Amended Complaint alleges that Ms. Sanford began working for AOP on July 19, 2019, that she was terminated on November 19, 2020, and that she was denied FMLA leave to which she was entitled shortly before her termination. Her claim contains no references to the number of hours she worked while employed or even any conclusory statement regarding her eligibility. AOP thus seeks dismissal of Ms. Sanford's FMLA claims on grounds that she failed to include factual details regarding the number of hours she worked so to establish that she was an "eligible employee."

The parties have not pointed us to, nor have we found, a Seventh Circuit case directly addressing this issue, and district courts within this Circuit have differed with regard to the level of detail required to support a reasonable inference that a plaintiff is an eligible employee under

the FMLA. *Compare, e.g.*, *Cole v. Major Hosp.*, No. 14-cv-00549, 2014 WL 6977296, at *4 (S.D. Ind. Dec. 5, 2014) (granting defendant's motion to dismiss when plaintiff "omit[ted] any claim that she was eligible for relief under the FMLA at the time she requested leave"), *and Elzeftawy v. Pernix Group, Inc.*, 477 F. Supp. 3d 734, 753 (N.D. Ill. 2020) (dismissing plaintiff's complaint because "there [was] nothing to suggest that he met the hours requirement" and that establishing the twelve-month requirement "alone does not raise a reasonable inference of eligibility"), *with Beaver v. U. S. Postal Serv.*, No. 20-cv-02784, 2021 WL 1381213, at *2–3 (S.D. Ind. Mar. 22, 2021) (denying defendant's motion to dismiss where plaintiff alleged only that he was an "eligible employee" with no specific facts to support the claim of eligibility); *Winchester v. Ryder Integrated Logistics, Inc.*, No. 19-CV-01356, 2020 WL 4784757, at *4 (S.D. Ill. Aug. 18, 2020) (denying motion to dismiss where plaintiff alleged he had worked in his position for years and that he was an eligible employee and entitled to FMLA leave); *and McGee v. City of Chicago*, No. 11 C 2512, 2011 WL 4382484, at *6 (N.D. Ill. Sept. 16, 2011) (finding it "reasonable to infer that [plaintiff] worked at least the minimum number of hours" when the complaint alleged plaintiff worked for many years prior to the leave request and was also granted FMLA leave). However, "[a]lthough district courts have disagreed on how much *detail* a plaintiff must allege about eligibility, 'it is plain that some kind of allegation to that effect is needed in order to raise a plaintiff's entitlement to relief beyond a speculative level.'" *Elzeftawy*, 477 F. Supp. 3d at 753 (N.D. Ill. 2020) (quoting *Gilliam v. Joint Logistics Managers, Inc.*, No. 16-cv-04077, 2017 WL 758459, at *2 (C.D. Ill. Feb. 27, 2017)).

In her complaint, Ms. Sanford alleges that she began working for AOP in June 2019, which satisfies the twelve-month requirement for FMLA eligibility, but there is no allegation regarding her employment status (full-time, part-time, etc.) nor any other facts sufficient to

10

support a reasonable inference that she worked the requisite number of hours for eligibility under the FMLA. In fact, the Amended Complaint does not contain even a barebones assertion that she was an "eligible" employee under the FMLA.[7] Having failed to include any reference to her eligibility, let alone sufficient facts that might raise an inference of eligibility, Ms. Sanford's FMLA interference and retaliation claims cannot survive dismissal.[8]

## Conclusion

For the reasons set forth above, AOP's Motion to Dismiss Counts III, IV, V, and VI [Dkt. 21] is GRANTED, and these claims are DISMISSED WITHOUT PREJUDICE. Ms. Sanford is granted leave to amend her complaint to address the deficiencies identified in this Order if she is able and chooses to do so. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading

---

[7] While Ms. Sanford does claim she was "entitled to" FMLA, Compl. ¶ 19, this is not the same as "eligibility." *Compare* § 2611(2) (defining "eligibility" in terms of the hours and months an employee has worked), *with* § 2612(a)(1) (stating the requirements of an eligible employee to be entitled to FMLA leave).

[8] AOP argues that Ms. Sanford has also failed to adequately allege other elements of her FMLA claims, including that she was entitled to FMLA leave, that AOP was subject to the FMLA's requirements, and, with regard to her retaliation claim, that there existed a causal connection between the exercise of her FMLA rights and her termination. However, these arguments are so undeveloped by AOP that we consider them waived. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."). To the extent AOP's additional arguments are sufficiently developed in the briefing, we do not find them persuasive. While the Amended Complaint is by no means a model of clarity and factual robustness, it contains sufficient detail as to the remaining elements of Ms. Sanford's FMLA interference and retaliation claims to satisfy the Rule 8 pleading standard.

whether plaintiff actually can state a claim.") (quotation marks and citation omitted).  Any such amendment must be filed within twenty-one (21) days of the date of this Order.

 IT IS SO ORDERED.

Date: 6/16/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Amber K. Boyd
AMBER K. BOYD ATTORNEY AT LAW
amber@amberboydlaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

Felicia O'Connor
Foley & Lardner LLP
foconnor@foley.com

Larry Perlman
Foley & Lardner LLP
lperlman@foley.com